Mr. Bill J. Ford, State Bank Commissioner 323 Center Street, Suite 500 Little Rock, Arkansas 72201-2613
Dear Mr. Ford:
This is in response to your request for an opinion on the three following questions:
 1. Whether a commercial bank, state or national, doing business in the State of Arkansas may use a name different from the name under which the bank is chartered on a branch bank location; and
 2. If a bank uses a different name for a branch bank location, must the name and advertising used identify in some form or manner the name of its main banking office or name under which the bank is chartered; and
 3. Whether the Arkansas Secretary of State may accept a `trademark' or `service mark' for a bank name which the bank or a branch of the bank making such a request is not currently using the name or will not be using the name in the foreseeable future?
My research has disclosed no relevant provisions of law or case law authority addressing the first question you have posed. It may be contended therefore, absent any legislation on the subject, that the conduct described in your first question is not unlawful.
The Arkansas banking statutes do not squarely address the first question posed. See generally, A.C.A. §§ 23-32-101- to -2009 (Repl. 1994 and Supp. 1995). Additionally, research has disclosed no rule or regulation of the State Banking Board addressing the question, nor any pertinent judicial rulings. Neither, in my opinion, does any provision of federal law exist which would govern the question or prohibit the conduct described. Although the Comptroller of the Currency formerly had authority to approve national bank names (see former 12 U.S.C. § 30), federal law was amended in 1982 (by P.L. 97-320) to allow name changes "upon writtennotice to the Comptroller of the Currency. . . ." See current12 U.S.C. 30. (Emphasis added). It is also my understanding that the "general policy" of the Comptroller "is that the naming of a national bank and its offices is not decided by the agency [the Comptroller], but is primarily a business decision subject to applicable state law." See Office of the Comptroller of the Currency Interpretive Letter No. 698, issued February 1, 1996. As noted above, state banking law does not appear to address the question. In addition, it does not appear that the "Arkansas Deceptive Trade Practices Act" would flatly prohibit the conduct you suggest, because that act specifically exempts from its application "[a]ctions or transactions permitted under laws administered by . . . the Bank Commissioner. . . . unless [he] specifically requests the Attorney General to implement the powers of the [Deceptive Trade Practices Act.]"See A.C.A. § 4-88-101(3) (Repl. 1996). If, therefore, the use of a different name on a branch bank location is permissible or not prohibited under applicable banking laws or regulations, it is not subject to action under the Arkansas Deceptive Trade Practices Act, absent your specific request.
In answer to your first question, therefore, because there is no prohibitory provision of state or federal law, it may be concluded that the conduct described in your first question is not unlawful.
The answer to your second question appears to be "yes," under the policy of the Federal Deposit Insurance Corporation. Although, again, no federal or state statute appears to address the question, it is my understanding that the FDIC requires, in such situations, that the chartered bank clearly disclose in all signage, advertising, and similar materials that the facility is a branch bank of the chartered bank. Additionally, the FDIC requires the bank to obtain a signed statement from each customer opening an account acknowledging that the customer understands that the branch bank is not a separate bank from the chartered bank for purposes of FDIC insurance limits. These requirements would apply to any bank, state or national, subject to regulation by FDIC. In addition to the FDIC's requirements, it is my understanding that the Office of the Comptroller of the Currency's policy as to national banks is to require that publication of certain notices include both the bank's legal name and the operational names the bank is using. In addition, the Comptroller's office has also in the past required that a bank operating a branch with a different name should, to the extent necessary, make appropriate disclosure to its depositors to inform them of applicable FDIC insurance limits.
In response to your third question, it is my opinion that the Secretary of State may not accept a trademark or service mark for a bank name which the bank or branch is not currently using. The relevant Arkansas statutes governing the registration of trademarks or service marks (A.C.A. §§4-71-101 to -114 (Repl. 1996)), require, on the application for registration of the mark, that the applicant include on the registration the "date on which the mark was first used anywhere and the date when it was first used in this state by the applicant or his predecessor in business. . . ." A.C.A. § 4-71-105(a)(4). Additionally, the certificate of registration of the mark issued by the Secretary of State must include the date claimed for the first use of the mark. A.C.A. § 4-71-106. Thus, if the application does not include the date of the applicant's first use of the mark, the Secretary of State may not register the mark as to that applicant. If the application does include the date of the applicant's use of the mark, and this assertion of use is untrue, the relevant provision is A.C.A. § 4-71-107 entitled "Fraudulent registration," which provides as follows:
 Any person who shall, for himself or on behalf of any other person, procure the filing or registration of any mark in the office of the Secretary of State under the provisions of this chapter, by knowingly making any false or fraudulent representation or declaration, verbally or in writing, or by any other fraudulent means, shall be liable to pay all damages sustained in consequence of the filing or registration, to be recovered by or on behalf of the injured party in any court of competent jurisdiction.
A fraudulently obtained mark may be canceled by the Secretary of State upon a finding of a court of competent jurisdiction (A.C.A. §4-71-109(3)(D)), or, of course, the mark may be canceled upon the voluntary request from the registrant. A.C.A. § 4-71-109(1).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh